STATE OF MISSOURI, Respondent, *v.* JEHIAL RASHBAUM, Appellant.

1. *Interest — License — Court of Criminal Correction, jurisdiction of.*— The sixth section of the act incorporating the Missouri Benevolent and Loan Association (Adj. Sess. Acts 1865, p. 252) is repugnant to the general statute concerning interest (chap. 89), and is inconsistent with the general statute concerning licenses of merchants, brokers, and others (chap. 93–6), and by virtue of § 2, chap. 224, is therefore repealed; and the Court of Criminal Correction has no jurisdiction over the case of an information against a pawnbroker for misdemeanor thereunder.

*Appeal from St. Louis Circuit Court.*

*Eaton*, for appellant.

I. Section 6 of the act incorporating the Missouri Benevolent and Loan Association has been repealed by implication. As it professes to be a general law, and is no necessary constituent part of the charter, and could not well be made one, it certainly might be repealed either directly or by implication. A subsequent law on the same subject matter naturally would repeal this, unless it professed on its face not to give the general law on the subject. Chapter 89, Gen. Stat. 1865, professes to regulate the law of interest, and does determine that law unless this section is an addition to that law overlooked by the revising legislature and left in force. But if this section was a part of the general law of the State relating to interest up to the date of the adoption of

the General Statutes, then by terms of section 2, chapter 224, it was repealed, for the general law of interest was "embodied and re-enacted in whole or in part in the General Statutes." Again, the general law of licenses is re-enacted in whole or in part in chapters 93–8, but nowhere is any reference made to pawnbrokers. Certainly if the legislature intended to require of them a license from the County Court, it would have re-enacted the law in a similar chapter. We must infer, therefore, an intent to repeal. By section 35 of article 4 of the first constitution of Missouri, a decennial revision of "all the statute laws of a general nature, both civil and criminal," was ordered, and the "General Statutes" as they now stand originated in a compliance with that order. It seems obviously fair to hold that the legislature fulfilled the mandate of the constitution in its work.

II. By section 1, paragraph 18, article 4, of the charter of the city of St. Louis, the city council is authorized to license, tax, regulate, or suppress pawnbrokers. This act was approved March 13, 1867.

*Colcord & Clover*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was an information filed in the St. Louis Court of Criminal Correction against the defendant, as a pawnbroker, for a misdemeanor under the sixth section of an act incorporating the Missouri Benevolent and Loan Association, approved February 20, 1865. (Adj. Sess. Acts 1865, p. 252.)

This section provided that a pawnbroker should be licensed by the County Court of the county, under penalty of prosecution by indictment; that a licensed pawnbroker might take twenty per cent. interest for the use of money upon pledge or otherwise; and that the act should be taken to be a public act, and, as such, have the effect and operation of a general law.

These provisions came within the purview of the second section of chapter 224 of the General Statutes, which provided that "all subsequent acts of a general, public, and permanent nature, embodied and re-enacted in whole or in part in the General

Statutes, or repugnant thereto," should be repealed. It did not come within the exceptions of sections 5 and 6 of the same acts. It is repugnant to the general statutes concerning interest (chap. 89). It is inconsistent with the general statutes concerning licenses of merchants, brokers, and others (chap. 93–6).

Moreover, it contained a special provision that a prosecution under the act should be by indictment.

For these reasons we think it is very clear that the Court of Criminal Correction had no jurisdiction over the case. The judgment will be reversed and the information dismissed. The other judges concur.